IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00986-AP

DEBRA D.TERRELL,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

___

**JOINT CASE MANAGEMENT PLAN FOR SOCIAL SECURITY CASES**
___

**1.**    **APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

> For Plaintiff:
> Alan M. Agee, Esq.
> 512 S. 8th Street
> Colorado Springs, CO 80905
> (719) 473-1515
> ageealanmpc@qwestoffice.net
>
> For Defendant:
> Jessica Milano
> Special Assistant United States Attorney
> Assistant Regional Counsel
> Office of the General Counsel
> Social Security Administration
> 1001 17th Street
> Denver, CO 80202
> (303) 844-7136
> (303) 844-0770 (fax)
> jessica.milano@ssa.gov

## 2. STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

The Court has jurisdiction based on section 205(g) of the Social Security Act, 42 U.S.C. 405(g).

## 3. DATES OF FILING OF RELEVANT PLEADINGS

    A.    **Date Complaint Was Filed:** April 16, 2013

    B.    **Date Complaint Was Served on U.S. Attorney's Office:** April 22, 2013

    C.    **Date Answer and Administrative Record Were Filed:** June 21, 2013

## 4. STATEMENT REGARDING THE ADEQUACY OF THE RECORD

**Plaintiff:** Plaintiff states that, upon information and belief, the administrative is complete and accurate, except as discussed in Paragraph 5 below.

**Defendant:** Defendant states that, to the best of her knowledge, the administrative record is complete and accurate.

## 5. STATEMENT REGARDING ADDITIONAL EVIDENCE

**Plaintiff:** Plaintiff states that she submitted additional medical records to the Appeals Council on October 18, 2012 (24 pgs); January 11, 2013 (26 pgs); August 8, 2012 (8 pgs); and August 13, 2013 (3 pgs). Plaintiff notes that the Appeals Council did not make these additional medical records part of the administrative record. Plaintiff reserves the right to object, via separate motion or in briefing, to the Appeals Council's non-inclusion of these records.

**Defendant:** Defendant states that, to the best of her knowledge, the certified administrative record is complete and accurate. With regard to the additional medical records referenced above, Defendant notes that the Appeals Council stated that it did not consider this evidence in denying review because this evidence did not relate to the time period at issue before the administrative law judge (ALJ). *See* 20 C.F.R. § 404.970(b) (the Appeals Council will consider additional evidence submitted only where it relates to the time period on or before the date of the ALJ hearing decision). Defendant cannot stipulate to supplement the certified administrative record with additional evidence that

was not considered by the ALJ or the Appeals Council.  *See* 42 U.S.C. § 405(g) (sentence three: stating that the Commissioner "shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based").  However, Defendant would not oppose Plaintiff's submission of the above-referenced additional evidence with her opening brief as the Court could still consider the evidence to determine if it meets the criteria of remand under sentence six of 42 U.S.C. 405(g).  *See Selman v. Califano*, 619 F.2d 881, 884-85 (10th Cir. 1980) (court cannot consider additional evidence outside of the administrative record, except to determine whether the case should be remanded under sentence six of 42 U.S.C. § 405(g) for consideration of additional evidence).  Defendant reserves the right to argue that the requirements for sentence six remand have not been satisfied.

**6.     STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

The parties, to the best of their knowledge, do not believe this case raises any unusual claims or defenses.

**7.     OTHER MATTERS**

The parties have no other matters to bring to the attention of the Court.  This case is not on appeal from a decision issued on remand from this Court.

**8.     BRIEFING SCHEDULE**

Counsel for both parties conferred and agreed upon the following proposed briefing schedule:

       **A.     Plaintiff's Opening Brief Due:**  August 20, 2013

       **B.     Defendant's Response Brief Due:**  September 19, 2013

       **C.     Plaintiff's Reply Brief (If Any) Due:**  October 4, 2013

**9.     STATEMENTS REGARDING ORAL ARGUMENT**

       **A.     Plaintiff's Statement:**  Plaintiff requests oral argument.

    **B.**    **Defendant's Statement:**  Defendant does not request oral argument.

**10.**    **CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

    **A.**    **( )**    **All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

    **B.**    **( X )**    **All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**11.**    **AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE <u>MOVING ATTORNEY'S CLIENT</u>, ALL ATTORNEYS OF RECORD, AND ALL PRO SE PARTIES.

*The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of <u>good cause</u>.*

DATED this <u>12th</u> day of <u>July</u>, 2013.

                                    BY THE COURT:

                                    *s/John L. Kane*
                                    U.S. DISTRICT COURT JUDGE

APPROVED:

s/ Alan M. Agee
Alan M. Agee, Esq.
512 S. 8 th Street
Colorado Springs, CO 80905
(719) 473-1515
ageealanmpc@qwestoffice.net

Attorney for Plaintiff

JOHN F. WALSH
United States Attorney

J. BENEDICT GARCÍA
Assistant United States Attorney
United States Attorney's Office
District of Colorado

s/ Jessica Milano
Jessica Milano
Special Assistant United States Attorney
1001 17th Street
Denver, CO 80202
(303) 844-7136
(303) 844-0770 (fax)
jessica.milano@ssa.gov

Attorneys for Defendant